IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TONI HOLLINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:16-CV-103 |
| | § | |
| HOBBY LOBBY STORES, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The following are pending before the court:

1. Defendant's motion for summary judgment and brief in support (docket entry #14);

2. Plaintiff Toni Hollinger's response to Defendant's motion for summary judgment (docket entry #17); and

3. Defendant's reply in support of its motion for summary judgment (docket entry #18).

Having considered the motion and the responsive briefing thereto, the court finds that the motion should be **GRANTED**.

## PROCEDURAL AND FACTUAL BACKGROUND

The following facts are largely undisputed:[1]

On December 21, 2013 at around 11:30 a.m., Plaintiff entered the Hobby Lobby store in Allen, Texas to shop for some Christmas decorations. The weather conditions that day were light snow and rain. ("It had [been] … raining … all day."). After purchasing a few items, Plaintiff left the premises and returned to her car that was parked in the lot outside the store. Plaintiff subsequently realized that the debit card she had used to purchase the merchandise a few minutes earlier was missing. Approximately 15-20 minutes later, after searching for the card in her vehicle,

---

[1]Citations to the record and internal footnote omitted.

Plaintiff walked back into the Hobby Lobby store to look for the debit card.

According to Plaintiff, when she returned to the store for the second time, it was still raining outside and she was without an umbrella. Plaintiff testified that the store was very crowded. ("It's the second busiest [store] in the metroplex"). As Plaintiff re-entered the store, she approached register number 2 where she had checked out before leaving the store the first time. Suddenly, after taking a few steps, Plaintiff slipped in some water that had been tracked in by other customers and fell. Plaintiff testified that she fell forward and was on her stomach, face down, for approximately 10 minutes, but that no one came to help her. Soon thereafter, another customer, who was in line at register number 2, came over and helped Plaintiff get up and walk over to get in line at register number 2. <u>Plaintiff admitted that she slipped in water tracked in by other customers and that it had been raining off and on all day long. Plaintiff also admitted that she had no idea how long the water was on the floor before she slipped in it or how long it had been since any Hobby Lobby employees had mopped or cleaned the area where she allegedly slipped and fell.</u>

When Plaintiff made it up to the counter of register number 2, she asked the male clerk if he had her debit card. Curiously, <u>Plaintiff did not notify the clerk that she had just slipped in water and had fallen</u>. After the clerk told Plaintiff he did not have her debit card, Plaintiff walked over to register number 1 and spoke with the store's customer service manager, Cheryl Huelsman, about the missing card. As with the clerk at register number 2, <u>Plaintiff failed to notify Ms. Huelsman of the slip and fall incident</u>; rather, she only inquired about the missing debit card. According to Plaintiff, Ms. Huelsman responded that "we haven't seen the card." Thereafter, Plaintiff left the premises and drove home, without telling any Hobby Lobby employee about the slip and fall incident.

According to Plaintiff, when she got home she called the store and asked to speak to the store manager, Jerry Tropp. Mr. Tropp told Plaintiff that he had her debit card. Mr. Tropp testified that Plaintiff never mentioned her fall to him during this conversation. Plaintiff subsequently returned to the store – for the third time that day – and retrieved the debit card from Ms. Huelsman. Plaintiff admitted that when she returned to the store to retrieve the debit card, she did **not** mention the slip and fall incident to Ms. Huelsman or any other Hobby Lobby employee. According to Plaintiff, she called the store the following day and reported the slip and fall incident to Mr. Tropp. However, Mr. Tropp testified that he first learned of the incident about "a week or two" after it happened when Plaintiff called to report it. Ms. Huelsman similarly testified that she first learned of the incident about two weeks later when Plaintiff came into the store and reported that "[she] fell the day [Dec. 21] that [she]

came in."[2]

DEF. MTN. FOR SUMM. JUDG., pp. 3-5.

On December 3, 2015, the Plaintiff filed her original petition in the 199th Judicial District Court of Collin County, Texas. On February 9, 2016, the Defendant removed this case to this court on the basis of diversity jurisdiction. In the Plaintiff's original petition, and subsequent first amended petition, the Plaintiff sued the Defendant for damages pursuant to a premises liability theory of recovery. The Defendant now moves for summary judgment on the Plaintiff's theory of recovery.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

Both parties have a responsibility in the summary judgment process. *Celotex*, 477 U.S. at

---

[2] The Plaintiff only disputes the Defendant's assertion that she did not notify anyone at the store on the date of her accident about her slip and fall. According to the Plaintiff, the Plaintiff made eye contact with a store manager after she fell and while she was still on the floor. Additionally, according to the Plaintiff, the Plaintiff advised another manager on the day of her accident about the fall. *See* PL. RESP. TO MTN. FOR SUMM. JUDG., p. 2 (docket entry #17).

323–24. First, the party seeking summary judgment must show that the admissible evidentiary material of record and any affidavits submitted by the nonmoving party are insufficient to permit the nonmoving party to carry its burden of proof. The nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 248. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Roach v. Allstate Indemnity Co.*, 2012 WL 1478745 (5th Cir. 2012), citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

## DISCUSSION AND ANALYSIS

The parties are in agreement that Texas substantive law governs this diversity case. *See Granados v. Wal-Mart Stores, Inc.*, 653 F. App'x 366, 367 (5th Cir. 2016). Under Texas law, the Defendant owed the Plaintiff, its invitee, "'a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it.'" *Id*. (citation omitted). "To recover damages on a slip-and-fall claim, an invitee plaintiff must establish: (1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Id*. at 367-368 (citation omitted).

The Defendant argues that the Plaintiff failed to offer evidence that the Defendant had actual

or constructive knowledge of the condition on the premises.[3] *See Granados*, 653 F. App'x at 368. The Plaintiff "may satisfy the knowledge element 'by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.'" *Id.* (citation omitted). Since there is no evidence that the Defendant placed the water on the floor, the court need only consider the final two factors.

A. **Actual Knowledge**

In the Plaintiff's brief response to the Defendant's motion for summary judgment, the Plaintiff argues that there is a reasonable inference that the Defendant had actual knowledge that the floor was wet. The Plaintiff contends that Cheryl Huelsman was aware that it was raining on December 21, 2013. Additionally, the Plaintiff contends that it was Cheryl Huelsman's job to remain in close proximity to the entrance doors whenever she was not assisting a cashier. Further, the Plaintiff notes that Cheryl Huelsman and Jerry Tropp testified that additional rugs and caution cones were on the floor at the time of the incident. Although the Plaintiff testified that there were no mats on the floor where she slipped and fell, the Plaintiff contends that since Cheryl Huelsman and Jerry Tropp stated that additional rugs, as well as caution cones, were placed on the floor, the Defendant must have placed the additional rugs on the floor because they were aware that customers were tracking rainwater into the store. The Plaintiff contends that the Defendant cannot argue that

---

[3]The Defendant's motion for summary judgment focuses on the first element (knowledge). However, in the last two paragraphs of its motion for summary judgment, the Defendant summarily argues that the Plaintiff also failed to offer any evidence on the final three elements. The Defendant, however, did not cite the court to any authority in regard to the final three elements. Further, the Defendant did not provide the court with any discussion or analysis concerning the final three elements. Accordingly, the court will only analyze the first element since it is the only element that has been fully briefed.

it did not know about the rainwater since it took steps to mitigate the same.

The Plaintiff relies on *Duprie v. Dolgencorp of Texas*, 59 S.W.3d 196 (Tex. App. – Beaumont 2000, pet. denied) in support of her actual knowledge allegation. However, such reliance is misplaced. In *Duprie*, the defendant's assistant manager testified that it had been raining heavily on the day in question. *Id*. at 198. At the time of the incident, "it had either stopped raining or was drizzling very lightly." *Id*. Because the ground outside of the store was wet, customers had tracked rainwater into the store. *Id*. The assistant manager testified that she had mopped up the water from the tile floor that the customers had tracked into the store. *Id*. She further testified that "she had moved a mat that had been near the front of the store, while a mat outside the store was at the end of the sidewalk, nowhere near the door. She said it had not occurred to her that without these mats a customer would have no opportunity or ability to dry his or her feet." *Id*. Based on these facts, the *Duprie* court concluded that "the evidence of the proprietor's notice of a dangerous condition consisted of actual, not constructive notice, because Dollar General's employees were aware that customers entering the store were creating a dangerous condition by tracking in rainwater from outside." *Id*. at 199.

Here, however, the Plaintiff merely argues that there is a reasonable inference that the Defendant had actual knowledge that the floor was wet. As noted above, the Plaintiff contends that since Cheryl Huelsman and Jerry Tropp testified that additional rugs and caution cones were placed on the floor, the Defendant must have placed the additional rugs on the floor because they were aware that customers were tracking rainwater into the store. However, the mere fact that the Defendant's employees took steps to address a potential hazard does not lead to the conclusion that the Defendant had actual knowledge of the rainwater on the floor. *See Henderson v. Wal-Mart*

*Stores, Inc.*, 2015 WL 970673, *5 (E.D. Tex. 2015). Further, unlike the facts in *Duprie*, the Plaintiff did not offer any evidence that the Defendant had actual knowledge that the floor was wet, *i.e.*, the Plaintiff did not offer evidence that the Defendant had mopped the floor to remove the rainwater. Placing additional rugs and caution cones on the store floor on a rainy day does not prove that store employees had actual knowledge that there was, in fact, water on the store floor. The court, therefore, finds that the Plaintiff failed to show that there is a genuine dispute as to any material fact that the Defendant had actual knowledge of the water on the floor. As such, the Defendant is entitled to judgment as a matter of law on this issue.

     **B.     Constructive Knowledge**

"'To establish a premises owner's constructive knowledge of the presence of an unreasonable risk of harm, a plaintiff generally must prove that the risk existed for a time sufficiently long to permit the premises owner (or his employee) to (1) discover it and (2) correct it.'" *Henderson*, 2015 WL 970673, at *2, quoting *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 316 (5th Cir. 2003). "This is known as the 'time-notice rule' and 'is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.'" *Id.*, quoting *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002) ("disapproving of cases that found constructive notice based on proximity of an employee to the condition and noting that '[t]he rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence'") (citation omitted in the original).

The Plaintiff contends that there is "ample" evidence that the Defendant had constructive knowledge that the floor was wet and relies on the facts and arguments stated previously. In support

of her constructive notice claim, the Plaintiff relies on *Wal-Mart Stores, Inc. v. Sparkman*, 2014 WL 6997166 (Tex. App. – Fort Worth 2014, pet. denied). However, such reliance is misplaced. In *Sparkman*, the plaintiff slipped and fell as she entered the defendant's store on a rainy day. *Id*., at *1. The defendant "had implemented its inclement weather guidelines that day by placing two orange caution signs in the entryway." *Id*. However, unlike the instant case, the *Sparkman* defendant mopped the floor but used a dust mop rather than a dry mop. As such, the dust mop "spread the water around instead of absorbing it like a dry mop would." *Id*. The *Sparkman* court found that "there was evidence that the employee's use of the dust mop only made the dangerous condition more difficult to see because it dispersed the water over the floor instead of soaking it up." *Id*. at *3. As such, the court held that "[t]he jury was free to believe that in the roughly fifteen minutes between when the employee mopped the floor and when Sparkman fell, a reasonable inspection of the employee's work would have revealed that she had not remedied the dangerous condition." *Id*.

Here, the Plaintiff appears to suggest that, prior to her fall, the Defendant had constructive knowledge of the presence of rainwater on the floor near the entrance doors because Cheryl Huelsman was in close proximity to the entrance doors. "However, constructive notice cannot be established based on proximity alone; instead, [the Plaintiff] must show that the hazard was present for a sufficient length of time to charge [the Defendant] with knowledge of it." *Robinson v. Wal-Mart Stores Texas, L.L.C.*, 561 F. App'x 417, 419 (5th Cir. 2014); citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002) ("'The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence.'"); *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir.

2003) ("'The argument that constructive knowledge can be inferred from the close physical proximity of an unreasonable risk to the employees of a premises owner was recently rejected by the Texas Supreme Court in *Wal-Mart Stores, Inc. v. Reece*.'"). Unlike *Sparkman*, the instant Plaintiff did not present any evidence concerning the length of time that the water existed on the floor prior to her slip and fall. Absent evidence establishing the length of time that the rainwater existed on the floor prior to the Plaintiff's slip and fall, the court finds that the Plaintiff failed to show that there is a genuine dispute as to any material fact that the Defendant had constructive knowledge of the water on the floor. As such, the Defendant is entitled to judgment as a matter of law on this issue.

## CONCLUSION

Based on the foregoing, the court finds that the Plaintiff failed to show that there is a genuine dispute as to any material fact that the Defendant had actual or constructive knowledge of the water on the floor. Therefore, the Defendant is entitled to summary judgment on the Plaintiff's sole premises liability claim. Defendant's motion for summary judgment (docket entry #14) is accordingly **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 23rd day of March, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE